**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**KWIK-MART, INC.,**

      **Plaintiff,**

v.                                          **Case No: 6:23-cv-1814-PGB-NWH**

**ATEGRITY SPECIALTY
INSURANCE COMPANY,**

      **Defendant.**

_____/

## **ORDER**

This cause comes before the Court on the following filings:

1. Defendant Ategrity Specialty Insurance Company's ("**Defendant**") Motion for a More Definite Statement (Doc. 68); and

2. Defendant's Motion to Stay (Doc. 69), and Plaintiff Kwik-Mart, Inc.'s ("**Plaintiff**") response thereto (Doc. 71 (the "**Response**")).

Upon consideration, the Motion for a More Definite Statement is due to be denied, and the Motion to Stay is due to be granted.

**I.**     **BACKGROUND**

This action commenced in state court on August 21, 2023 (Doc. 1-1 (the "**initial Complaint**")) and was removed to this Court on September 20, 2023 (Doc. 1). The case stems from Defendant's alleged breach of a commercial property insurance contract that provided coverage for Plaintiff's business located at 1400

E. Silver Star Rd., Ocoee, FL 34761 (the "**Subject Property**"). (Doc. 67 (the "**Amended Complaint**"); *see* Doc. 1-1). Ultimately, on July 8, 2025, the Court granted Plaintiff leave to file an Amended Complaint in order to correct various pleading deficiencies. (Doc. 66).[1] Of relevance, the Court allowed Plaintiff to amend its initial Complaint to reflect: (1) the proper insured address that was covered under the policy identified in the initial Complaint; (2) the new date of loss as concluded by Plaintiff's expert during discovery and the associated weather occurrence; and (3) the policy that covered the newly discovered date of loss. (*See id.*).[2] Accordingly, Plaintiff filed its Amended Complaint in accordance with the Court's directives on July 11, 2025. (Doc. 67).

Shortly thereafter, Defendant filed a Motion for a More Definite Statement. (Doc. 68). Moreover, Defendant filed the instant Motion to Stay this action for ninety (90) days pursuant to Florida Statute § 627.70131(7)(a). (Doc. 69). Plaintiff filed a response in opposition to the Motion to Stay. (Doc. 71). Both matters are now ripe for review.

---

[1] Considering the Court recently addressed its reasons for granting Plaintiff's Amended Motion for Leave to File Amended Complaint (Doc. 46 (the "**Motion to Amend**")) in detail, the Court does not find it necessary to rehash its reasoning herein.

[2] The two policies identified in the Amended Complaint are: (1) Policy No. 01-C-PK-P20040490-0, which provided coverage for the Subject Property from December 12, 2021, to December 12, 2022 (the "**2022 Policy**"); and (2) No. 01-C-PK-P20069153-0, which continued coverage for the Subject Property from December 12, 2022 to December 12, 2023 (the "**2023 Policy**"). (Doc. 67; *see* Docs, 67-1, 67-2). However, the sole policy that was the subject of the initial Complaint was the 2023 Policy. (Doc. 1-1).

2

## II. DISCUSSION

### A. Motion for a More Definite Statement

Defendant moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (Doc. 68). Ultimately, the Court does not find such relief warranted and will address its reasoning below.

First, the Court begins by addressing Plaintiff's failure to respond to Defendant's Motion for a More Definite Statement. Although the Local Rule 3.01(g) Certification at the end of Defendant's Motion for a More Definite Statement indicates that Plaintiff "opposes the relief sought [t]herein," Plaintiff did not file a response in opposition. (*See id.* at p. 4). As such, pursuant to Local Rule 3.01(c), Defendant's Motion for a More Definite Statement "is subject to treatment as unopposed." Local Rule 3.01(c). Merely indicating opposition to a motion for purposes of a 3.01(g) Certification does not amount to a sufficient *response* in opposition to the respective motion. *See* Local Rule 3.01(b). Nevertheless, upon consideration of the circumstances and the arguments raised, the Court does not find that a more definite statement is necessary.

Rule 12(e) provides, in relevant part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e).

Defendant argues that the Amended Complaint is "vague, ambiguous, and indefinite as to whether Plaintiff is [] asserting a cause of action for breach of

3

contract under the 2022 Policy, the 2023 Policy, or both Policies." (Doc. 68, p. 3). Specifically, Defendant attests that the Amended Complaint defines the subject policies at issue as the "2022 Policy" and "2023 Policy," but then proceeds to state a sole cause of action for breach of "the Policy." (*See id.*). As such, Defendant opines that it cannot "reasonably formulate a response and affirmative defenses to the Amended Complaint." (*Id.*).

Simply put, the Court finds that the allegations in Plaintiff's Amended Complaint are not "so vague or ambiguous that [Defendant] cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Although the Amended Complaint loosely references "the Policy" after specifically renaming the "2022 Policy" and "2023 Policy," the Amended Complaint proceeds to set forth as follows:

> The discovery of the full extent of the damage occurred after the 2023 Policy period began on December 12, 2022, triggering coverage under the renewed policy. Alternatively, to the extent that the Court finds that the damage was already present before the 2023 Policy period began, coverage is still available under the 2022 Policy, as it was in full force and effect when Hurricane Nicole struck Florida on November 9-10, 2022. Defendant has denied coverage under both policies, necessitating this action.

(Doc. 67, ¶ 14). Importantly, the Amended Complaint also states that "[t]he 2023 Policy was a direct continuation of the prior coverage under the 2022 Policy. There was no lapse or material change in coverage between these periods." (*Id.* ¶ 15).

Thus, given the allegations in the Amended Complaint, the basis for Plaintiff's breach of contract claim is clear and not "so vague or ambiguous that

4

[Defendant] cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Thus, a more definite statement is not warranted.[3]

### B. Motion to Stay

Defendant also requests that the Court stay this action for a period of ninety (90) days so that Defendant can be afforded the opportunity to open, adjust, and investigate Plaintiff's claim under the newly alleged applicable insurance policy in accordance with Florida Statute § 627.70131(7)(a). (Doc. 69). Plaintiff opposes Defendant's request for a stay, arguing that "Plaintiff would experience real and significant prejudice through added delay and uncertainty." (Doc. 71, p. 6).

Upon consideration of the history of this litigation, the Court finds Plaintiff's opposition to Defendant's Motion to Stay simply unreasonable. In Plaintiff's Response to Defendant's Motion to Stay, Plaintiff primarily argues hardship and prejudice if the Court were to grant a stay and impose further delay of this litigation. (*See generally* Doc. 71). Yet, the Court just recently granted Plaintiff's very untimely Motion to Amend—which was filed well over *a year* after the deadline to amend pleadings passed and *after* Defendant filed its Motion for Summary Judgment. (*See* Docs. 14, 43, 46, 66). Moreover, the sole reason for Plaintiff's Motion to Amend was attributable to Plaintiff's sloppy pleading

---

[3]  While the Court agrees with Defendant's contention that the case "has been rife with messy pleadings," such does not mean that Defendant "cannot [now] be called upon to reasonably respond" to the Amended Complaint. (Doc. 68, pp. 3–4). Contrary to Defendant's assertion, the Amended Complaint clearly identifies both "policies allegedly breached" and pertinent to Plaintiff's claim for relief. (*Id.* at p. 4; *see* Doc. 67).

5

throughout the entirety of this case.⁴ Nevertheless, the Court exercised its "discretion in favor of allowing amendments" in order to ensure the Court could reach the merits of this dispute. (*See* Doc. 66); *e.g.*, *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021).

Now, Defendant requests a mere ninety (90) days to stay the case so that it can "open and adjust Plaintiff's claim" in light of Plaintiff's new allegations that implicate the 2022 Policy and a different weather occurrence. (Doc. 69). Defendant posits that Florida Statute § 627.70131(7)(a) provides, in relevant part, as follows:

> Within 60 days after an insurer receives notice of an initial, reopened, or supplemental property insurance claim from a policyholder, the insurer shall pay or deny such claim or a portion of the claim unless the failure to pay is caused by factors beyond the control of the insurer. The insurer shall provide a reasonable explanation in writing to the policyholder of the basis in the insurance policy, in relation to the facts or applicable law, for the payment, denial, or partial denial of a claim. . . . The provisions of this subsection may not be waived, voided, or nullified by the terms of the insurance policy.

FLA. STAT. § 627.70131(7)(a). Accordingly, Defendant argues that, since Plaintiff never reported a claim to Defendant "under the 2022 Policy related to Hurricane Nicole," Defendant should be provided the opportunity to "open a claim under the 2022 Policy, . . . investigate and adjust the claim, and issue a coverage

---

⁴ Plaintiff fully mischaracterizes how this case has unfolded. For one, Plaintiff opines that Defendant, "[h]aving failed in [its] dispositive attempt, . . . now improperly seeks additional delay through procedural maneuvers." (Doc. 71, p. 4). Such a contention blatantly ignores the fact that the sole reason the Court found Defendant's Motion for Summary Judgment as moot was because the Court granted Plaintiff's untimely request to amend its Complaint—one that was riddled with deficiencies. (*See* Docs. 46, 66). Moreover, Plaintiff makes the bold assertion that it "has diligently pursued its claim and sought timely resolution." (Doc. 71, p. 6). Alas, that is arguably not the case.

determination letter under the 2022 Policy." (Doc. 69, pp. 4–5). Ultimately, Defendant's argument is well-taken.[5]

Given the history of this litigation, the Court's broad discretion to stay proceedings before them, and fairness upon consideration of the provisions of § 627.70131(7)(a), the Court finds that a stay is warranted. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); § 627.70131(7)(a); (Docs. 46, 66, 69).

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for a More Definite Statement (Doc. 68) is **DENIED**.

2. Defendant's Motion to Stay (Doc. 69) is **GRANTED**. The Clerk of Court is **DIRECTED** to administratively close the case. The case is hereby **STAYED** for ninety (90) days pending Defendant opening and adjusting Plaintiff's claim under the 2022 Policy. The parties shall provide written status reports every thirty (30) days hereafter or upon the occurrence of any event that would result in the stay being lifted.

---

[5] That being said, the Court notes that, at this point, the "claim" that precipitated this action has been fulsomely investigated. Thus, the Court is hard pressed to find that further discovery is necessary following conclusion of the ninety-day stay. If the parties find such is warranted and certain deadlines need to be extended, they may request relief accordingly at the appropriate time.

After the expiration of ninety (90) days, the stay will be lifted unless the parties file a motion requesting alternative relief.

**DONE AND ORDERED** in Orlando, Florida on August 17, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties